UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EKEH,

      Plaintiff,

v.                                                                                  Case No. 25-cv-4063-HLT-TJJ

BUTLER COUNTY DISTRICT COURT, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE

This matter comes before the Court on Plaintiff's Motion to Change Venue (ECF No. 7). In his Motion to Change Venue, *pro se* Plaintiff Anthony Ekeh ("Plaintiff") seeks "to move this case to the Federal District Court in Topeka, Kansas." Although Plaintiff titled his motion a "Motion to Change Venue," the Court is unclear whether Plaintiff's intent is to seek a traditional change of venue by transferring to another division[1] or rather to remove his Butler County, Kansas District Court criminal case to this court.[2] In any event, the Court has considered both possibilities and for the reasons discussed herein, the Motion is denied.

Plaintiff filed his Civil Complaint in this case (ECF No. 1) on June 27, 2025. He names Butler County District Court, Budget Truck Rental LLC, and a number of individual Defendants for claims under Section 1983 for unlawful search and seizure and excessive use of force and a

---

[1] *See* 28 U.S.C. § 1404(b) (permitting the court to transfer a civil action "from the division in which pending to any other division in the same district").

[2] Plaintiff filed this same motion in Case 25-4062-HLT-TJJ.

claim for malicious prosecution arising from his arrest on state law criminal charges in Butler County, Kansas, on October 30, 2024.

When Plaintiff filed his Complaint in this case, he designated Topeka, Kansas as the location of trial in this case.[3] Thus, to the extent the instant Motion seeks to change venue to Topeka, the request is moot. Topeka has already been designated as the place of trial and, although another party may seek to change the venue of the case subsequently, for now Topeka is set as the place of trial. Therefore, Plaintiff's Motion to change trial location to Topeka is denied as moot.

There is, however, another potential motive for the filing of Plaintiff's Motion. To the extent, if any, Plaintiff is instead intending to seek removal of his Butler County District Court criminal case to this pending case in Topeka, Kansas,[4] the Court finds the Motion both procedurally and substantively improper.

The procedure for removal of criminal prosecutions from a state court to a federal district court is set out in 28 U.S.C. § 1455. The requirements include that the defendant desiring to remove the case to federal court file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant."[5] Plaintiff has not filed a notice of removal, nor has he attached to his Motion a copy of all process, pleadings, and

---

[3] *Id*. at 8.

[4] The Court presumes this may be Plaintiff's intent, as the heading of his Motion states "Re: BU-2024-CR-496," which is a reference to the Butler County District Court criminal case against Plaintiff; the stated reasons for the relief sought in the Motion appear to relate to the Butler County criminal case; and as noted above Topeka is already the designated place of trial in this civil case.

[5] 28 U.S.C. § 1455(a).

orders served upon him in the Butler County case. The Court finds Plaintiff's Motion therefore fails to comply with the procedural requirements for removal of his criminal case to this Court pursuant to 28 U.S.C. § 1455.

Moreover, removal of a criminal prosecution to the federal court is permitted in only very narrow circumstances that are not present here. Plaintiff does not allege and it does not appear that he is a federal officer or agency who may remove his criminal prosecution to this federal court pursuant to 28 U.S.C. § 1442. Nor does Plaintiff allege, nor does it appear that, he is a member of the armed forces who may remove his criminal prosecution to this federal court pursuant to 28 U.S.C. § 1442a. Finally, Plaintiff's disability discrimination claim is not a proper basis for removal of his case pursuant to 28 U.S.C. § 1443(1).[6] Thus, the Court finds there is no statutory basis upon which Plaintiff may remove his state criminal case to this Court.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Change Venue (ECF No. 7) is **denied**.

A copy of this Order shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated August 20, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[6] *Taos Cnty. Magistrate Ct. v. Currier*, 625 F. App'x 358, 361 (10th Cir. 2015) ("Because the ADA protects against discrimination due to disability, and not due to race, a denial of ADA rights does not support § 1443(1) removal.").