IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EKEH,

    **Plaintiff,**

    v.

BUTLER COUNTY DISTRICT
COURT, et al.,

    **Defendants.**

Case No. 5:25-cv-04063-HLT-TJJ

## ORDER

Plaintiff filed this case on June 27, 2025. Doc. 1.[1] The magistrate judge granted Plaintiff leave to proceed in forma pauperis but withheld service to allow for screening. Doc. 10. On August 22, 2025, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the undersigned dismiss all claims without prejudice for failure to state a claim. Doc. 15.

The R&R found that none of Plaintiff's claims were sufficient to state a claim. His claim for monetary relief was against a defendant who is immune. *Id.* at 4-5. His claims against other defendants under 42 U.S.C. § 1983 were improper because the other defendants were private entities, not state actors. *Id.* at 5-7. And his ADA claims failed because he did not allege that he was employed by any of the defendants or that any defendant denied him public services or accommodations in violation of the ADA. *Id.* at 7. Finally, the R&R addressed a motion to dismiss filed by Plaintiff that seeks dismissal of his state criminal case and recommended it be denied because the state case is ongoing and action is therefore likely precluded under the *Younger* abstention doctrine, and because Plaintiff's separate malicious-prosecution claim is not plausible.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

*Id.* at 8. The R&R informed Plaintiff that he had 14 days to file objections and that no appellate review would be permitted if he failed to file an objection. *Id.* at 1. Plaintiff did not file an objection.[2]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Plaintiff has not objected and has therefore waived his right to de novo review. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

The Court has reviewed the docket and R&R. Because Plaintiff has not filed an objection, he has waived review and dismissal is proper for the reasons stated in the R&R, as is denial of his motion to dismiss. The Court would reach the same result if it employed de novo review. The complaint makes wide-ranging allegations. It is against numerous individuals, some of whom are only identified by first name. He contends he was subjected to criminal malicious prosecution, unlawful search and seizure, and excessive use of force after being arrested due to a false report. His complaint includes a lengthy narrative purportedly detailing a highly involved conspiracy that is difficult to follow. He seeks $20 million in damages, "immediate establishment of a new MC authority," and ownership of Budget Truck Rental equipment. Doc. 1 at 8.

The Court agrees with the R&R that the monetary damages Plaintiff seeks are not available to the extent he sues a state agency (Butler County District Court). *See Martin v. Barton Cnty. Cts.*,

---

[2] A copy of the R&R was mailed to Plaintiff at the address on file. The R&R has not been returned as undeliverable. However, another item sent to Plaintiff at the same address has been returned, with the notation "Attempted – Not Known Unable to Forward." *See* Doc. 13. Plaintiff has not updated his address in this case or his other pending case in this district. It is Plaintiff's responsibility to notify the Court about any address change. *See* D. Kan. Rule 5.1(b)(3). Plaintiff previously filed three other cases in the District of Kansas in addition to the two currently pending. In those cases, which were all dismissed, Plaintiff was notified that he should file a Notice of Change of Address with the Court to reflect new contact information. *See, e.g., Ekeh v. Penske Truck Rental, et al.*, Case No. 24-3226 (D. Kan.). Thus, he is aware of his obligation to keep his contact information current.

2023 WL 3737025, at *4 (D. Kan. 2023) ("The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment."). Plaintiff purports to assert § 1983 claims against the other defendants, but he does not plead that any of the named individuals are state actors or that their conduct is attributable to the state. *See Cullen v. K-Mart*, 2008 WL 107978, at *1 (D. Kan. 2008) ("To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Nor has he made clear exactly how these other individuals were involved in any alleged constitutional violations. Any claims under the ADA fail because Plaintiff hasn't alleged an employment relationship with any of the defendants or that he was denied public accommodations or public services. The Court therefore agrees dismissal of all claims without prejudice is warranted.

Plaintiff has also filed a motion to dismiss his state criminal case, Doc. 4, which the R&R recommended be denied. The Court agrees. The motion seeks dismissal of his state-court criminal indictment for reasons similar to the allegations in this case. The public docket of the state criminal case reflects that it remains pending. This likely precludes the Court from taking up any issues related to that prosecution under *Younger*.[3] *See Bonjorno v. Asher*, 2025 WL 2374148, at *5 (D. Kan. 2025) ("The *Younger* abstention doctrine precludes federal courts from interfering with state-court proceedings absent extraordinary circumstances."); *see also Balance v. Johnson Cnty., Kan., Bd. of Comm'rs*, 2025 WL 2576762, at *4 (D. Kan. 2025) (noting that *Younger* requires abstention where "(1) state judicial proceedings are ongoing; (2) [the state proceedings] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

federal constitutional issues" (internal quotation and citation omitted)). The R&R was therefore correct to recommend denial of the motion, as it is directed at an ongoing state criminal proceeding. *See Bonjorno*, 2025 WL 2374148, at *5-6 (noting that *Younger* applies to state criminal cases); *Balance*, 2025 WL 2576762, at *4 (noting that the conditions for *Younger* abstention are met for an ongoing criminal case).

THE COURT THEREFORE ORDERS that the Report and Recommendation (Doc. 15) is ADOPTED as the order of the Court. This case is DISMISSED WITHOUT PREJUDICE for failure to state a claim. This case is closed.

THE COURT FURTHER ORDERS that Plaintiff's motion to dismiss his state-court criminal indictment (Doc. 4) is DENIED.

IT IS SO ORDERED.

Dated: September 30, 2025         /s/ *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE